WMN:SLT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-09-139**

----------------X

UNITED STATES OF AMERICA

    - against -

GEORGE J. LITMAN,

          Defendant.

AFFIDAVIT AND COMPLAINT

(T. 18, U.S.C., § 1513(f))

----------------X

EASTERN DISTRICT OF NEW YORK, SS:

    FRANK OCCHIPINTI, being duly sworn, deposes and states that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), duly appointed according to law and acting as such.

    Upon information and belief, in or about and between February 1, 2009 and February 12, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GEORGE J. LITMAN, together with others, did knowingly and intentionally conspire to cause bodily injury to another person and threaten to cause bodily injury to another person, with the intent to retaliate against such person for providing information relating to the commission or possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1513(b)(2).

    (Title 18, United States Code, Section 1513(f))

1

The source of your deponent's information and the grounds for his belief are as follows[1/]:

1. I have been a Special Agent with ATF for approximately one and a half years. During that time, I have investigated numerous cases involving the trafficking and use of illegal firearms, including the use of firearms to commit violent offenses. The facts set forth in this affidavit are based in part on information that I have learned from review of written documents prepared by, and conversations with, members of ATF and other law enforcement agencies, and from review of various documents obtained by subpoena, request or database searches.

2. In 2007, ATF Special Agents commenced an investigation concerning the shooting of an individual in Brooklyn, New York (the "Victim"). During the course of that investigation, the Victim provided information to ATF agents that ultimately resulted in the conviction of the shooter for violations of 18 U.S.C. §§ 922(g)(1) (possession of a firearm by a convicted felon) and 922(q)(2)(A) (possession of a firearm in a school zone).

3. On or about February 2, 2009, the Victim notified ATF agents that he/she had received threatening messages from an unknown individual claiming that the Victim would be killed for

---

[1] Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

acting as a government "rat." The Victim provided ATF agents with the telephone messages, which were recorded on the Victim's answering machine on February 2, 2009. In sum and substance, these messages accused the Victim of being a "rat," and a "snitch" and explicitly threatened to "come pay" the Victim a "visit" and kill the Victim before the month was over. Subpoenaed telephone records revealed that these calls to the Victim were made on a wireless telephone subscribed to a fictitious name and address in Miami, Florida (the "941 Telephone").

4. On or about February 5, 2009, the Victim received another threatening telephone call from an unknown male, calling from the same 941 Telephone. During this call, which the Victim answered, the unknown male threatened to kill the Victim for "snitching."

5. On February 5, 2009, ATF received emergency cell-site and Latitude and Longitude date from the telephone service provider, which revealed that the 941 Telephone was being used in Brooklyn, New York. Specifically, the 941 Telephone was used in the vicinity of the house where the Victim's mother lives.

6. On the morning of February 12, 2009, using court-ordered cell-site data, ATF agents located the exact position of the 941 Telephone and arrested the defendant GEORGE J. LITMAN, who was in possession of the 941 Telephone at the time of his

arrest. Subsequent to his arrest, LITMAN waived his <u>Miranda</u> rights both orally and in writing, and agreed to provide a statement to ATF agents. In sum and substance, LITMAN admitted that he made several threatening telephone calls to the Victim from the 941 Telephone. Specifically, LITMAN admitted that he left two voicemail messages on the Victim's answering machine threatening to kill the Victim for being a "rat." LITMAN further admitted that he called the Victim a third time and told the Victim that he was going to kill the Victim before the end of the summer for being a "rat snitch." ATF agents played the threatening voicemail messages for LITMAN, and LITMAN confirmed that he did, in fact, leave those specific threatening messages on the Victim's answering machine.

7. LITMAN further stated that he received instructions from another individual (the "co-conspirator") to threaten the Victim. According to LITMAN, the co-conspirator advised LITMAN that the co-conspirator wanted the Victim "dead" and provided LITMAN with the name and telephone number of the Victim. A review of the 941 Telephone, which was recovered from LITMAN at the time of his arrest, revealed that the Victim's name and number were stored in the 941 Telephone.

WHEREFORE, your deponent respectfully requests that the defendant GEORGE J. LITMAN be dealt with according to law. Given the nature of the ongoing investigation, your deponent also

requests that this affidavit and complaint be sealed, except that ATF may disclose this affidavit and complaint as necessary to effectuate the arrest and arraignment of the defendant.

X _____
FRANK OCCHIPINTI
Special Agent
Bureau of Alcohol, Tobacco,
Firearms & Explosives

Sworn to before me this
12th day of February 2009

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK